IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA ROSE VOUGHT, | No. 4:22-CV-00509 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, | |
| Respondent. | |

**MEMORANDUM OPINION**

**APRIL 28, 2022**

Petitioner, Erica Rose Vought ("Petitioner" or "Vought"), a pre-trial detainee presently confined at the Pike County Prison, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 6, 2022.[1] Vought seeks to proceed *in forma pauperis*.[2] For the reasons set forth below, she will be granted *in forma pauperis* status for the sole purpose of the filing of the action and the petition will be summarily dismissed.[3]

---

[1] Doc. 1
[2] Doc. 4
[3] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) permits application of rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

I.      BACKGROUND

Vought seeks to challenge underlying charges in Pike County Court of Common Pleas criminal action CP-52-CR-0000446-2021. According to the electronic docket sheet obtained from The Unified Judicial System of Pennsylvania Web Portal, Vought has been charged with five counts of criminal conduct including Drug Delivery Resulting in Death, Conspiracy-Drug Delivery Resulting in Death, Criminal Use of Communication Facility, Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver, and Conspiracy-Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver.[4] Petitioner waived arraignment on October 1, 2021.[5] On October 8, 2021, that the court denied Petitioner's motion for modification of bail conditions.[6] After several continuances, trial is set for May 2022.[7] Petitioner currently has a petition for writ of habeas corpus pending before the trial court.[8]

She seeks to "have a higher court review [her] case," claiming that her "rights are being violated and [she is] being detained against her will."[9]

---

[4]   https://ujsportal.pacourts.us/DocketSheets
[5]   *Id*.
[6]   *Id*.
[7]   *Id*.
[8]   *Id*.
[9]   Doc. 1

## II.   DISCUSSION

Because Petitioner is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241.[10] Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered.[11] Accordingly, the petition is properly filed as one pursuant to 28 U.S.C. § 2241.

Generally, federal courts must adjudicate all cases and controversies that are properly before them.[12] Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."[13] In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."[14] The *Younger* Court based its decision on the principles of comity

---

[10] *See Glazewski v. United States*, No. CV 16-3052 (RBK), 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) collecting the following cases: "*See Thomas v. New Jersey*, No. 16–1436, 2016 WL 345701, at *1 (D.N.J. June 20, 2016) (construing habeas petition that was filed under § 2254 as one that is filed under § 2241 because petitioner is a state pretrial detainee); *Smith v. Pennsylvania State Attorney Gen.*, No. 11–1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a pretrial detainee, petitioner was not in custody pursuant to a state court judgment and could not proceed under § 2254, but could proceed under § 2241), report and recommendation adopted, 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011); *Avila v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept. 6, 2007)."

[11] *See Moore v. De Young*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

[12] *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989).

[13] *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).

[14] *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)).

3

and "the longstanding public policy against federal court interference with state court proceedings."[15] *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."[16]

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute...."[17] These exceptions are to be narrowly construed.[18]

It is evident from both the state court electronic docket sheet and contents of the habeas petition that Vought is engaged in ongoing criminal proceedings which implicate important state interests and is actively engaged in defense of those proceedings. As noted, the matter is presently scheduled for trial in May 2022 and Petitioner is currently pursuing a petition for writ of habeas corpus with the trial court. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court on this issue.

---

[15] *Younger*, 401 U.S. at 43.
[16] *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).
[17] *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).
[18] *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

Out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings."[19]

### III.  CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[19]  *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).